# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THE JOHN ERNST LUCKEN REVOCABLE TRUST, and JOHN LUCKEN and MARY LUCKEN, Trustees,<br><br>      Plaintiffs,<br><br>vs.<br><br>HERITAGE BANKSHARES GROUP, INC., et al.,<br><br>      Defendants. | No. 16-CV-4005-MWB<br><br>**ORDER** |

## *I.     INTRODUCTION*

This matter is before the Court pursuant to plaintiffs' motion for reconsideration of the order denying plaintiffs' first motion to amend the complaint and plaintiffs' second motion to amend the complaint. (Doc. 33). Plaintiffs request leave of court to amend their complaint based on new information not known to plaintiffs prior to receiving defendants' responses to plaintiffs' first request for production of documents. (Doc. 33 at 5-8). Defendants do not resist this motion. (Doc. 41). For the reasons that follow, the Court grants plaintiffs' motion.

## *II.     PROCEDURAL HISTORY*

Plaintiffs filed the present suit on January 14, 2016, stemming from an agreement regarding the financing of Dirks Motor Co., of which defendants were creditors, alleging: 1) fraud through affirmative representations and omissions of material fact; 2) violation of 12 U.S.C. § 1972 for a prohibited "Tying Arrangement"; 3) liability of senior

executive officers within defendants' bank due to sanctioning the fraudulent conduct of the bank's agents; 4) breach of the duty of disclosure; 5) unjust enrichment; and 6) contract rescission. (Doc. 1).

The April 27, 2016, Scheduling Order and Discovery Plan set the deadline to amend pleadings as August 12, 2016. (Doc. 14). On November 21, 2106, plaintiffs filled their first motion to amend their complaint. (Doc. 24). On January 6, 2017, the motion to amend was denied on two grounds: one procedural and one substantive. (Doc. 27). The Court denied plaintiffs' motion because it did not comply with the procedural requirements as set out in Local Rule 15, requiring "[a] party moving to amend or supplement a pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) or (d) must describe in the motion the changes sought . . . .." LR 15; (Doc. 27 at 7). Plaintiffs provided no explanation in their motion as to the changes they sought to make to their original complaint and did not provide a copy of the amended complaint indicating the changes. *Id*. Substantively, plaintiffs' motion did not allege any facts in order to establish good cause to amend the complaint, as required by Rule 16(b) because the deadline to amend had passed. *Id*. at 9-13. Subsequently on January 18, 2017, plaintiffs moved the Court for an order extending the trial deadlines (Doc. 28), which the Court granted in part and denied in part (Doc. 45).

### III. DISCUSSION

Plaintiffs seek to amend their complaint to add John Lucken and his wife Mary Lucken individually in addition to being plaintiffs in their capacity as trustees. Plaintiffs also seek to add Does 1-100 inclusive as defendants. (Doc 33-1 at 1). Other than their intention to add additional parties, plaintiffs seek only to add factual allegations based on new information learned through discovery. (Doc. 33).

As discussed above, plaintiffs' first motion to amend suffered from both procedural and substantive deficiencies. (Doc. 27). Plaintiffs failed to comply with Local Rule 15 in that they did not indicate in their motion to amend nor their proposed

2

amended complaint the changes that had been made, and they did not meet the good cause standard under Federal Rule 16(b) requiring they show good cause to amend their complaint and that they missed the scheduled deadline due to "excusable neglect." (Doc. 27, at 12). In their present motion for reconsideration of the previous order and second motion for leave to amend the complaint, plaintiffs attempt to correct these deficiencies.

### A.   *Compliance with Local Rule 15*

Local Rule 15 states, "[a] party moving to amend or supplement a pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) or (d) must describe in the motion the changes sought . . . ." LR 15; (Doc. 27 at 7). In their previous motion to amend plaintiffs did not explain in their motion, or any document attached, the changes to the complaint, and did not attach a copy of the amended complaint that showed the intended changes. This gave defendants and the Court no meaningful opportunity to assess the proposed changes without comparing side by side the two complaints.

In their motion for reconsideration of the order denying their first motion to amend and their second motion to amend, plaintiffs attached a "redlined" version of their amended complaint. (Doc. 33-1). The "redlined" version of the amended complaint shows the intended changes and is accompanied by a summary of new evidence submitted to support plaintiffs' motion to amend. (Doc. 33-3). The summary of new evidence lays out the new evidence and cross-references the paragraphs added in the amended complaint to incorporate the new factual allegations. (*Id*.). Defendants do not resist this motion. (Doc 33-1). Although plaintiffs' explanation of the intended changes to the document is not extensive and does not reflect all the changes, the "redlined" amended complaint and accompanying summary of new evidence is sufficient to comply with Local Rule 15.

### B.   *Good Cause Showing*

In their previous motion to amend (Doc. 24), plaintiffs did not allege any facts to demonstrate diligence in meeting the scheduled deadline to amend pleadings necessary to

prove good cause or demonstrate excusable neglect. (Doc. 24, at 1-3). As this Court discussed in the prior order denying leave to amend the complaint (Doc. 27), the applicable standard when a party seeks to amend a pleading after the deadline to amend has expired is the good cause standard set out in Rule 16(b). (Doc. 27, at 12); *see Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715-16 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id*. at 716 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Additionally, "Federal Rule of Civil Procedure 6(b)(1)(B) permits a district court to extend the time for a party to submit a filing 'if the party failed to act because of excusable neglect.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

This Court has held "that good cause for an untimely amendment under Rule 16(b) 'requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner.'" *Catipovic v. Turley*, 295 F.R.D. 302, 307 (N.D. Iowa 2013) (citing *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F.Supp.2d 1093, 1100 (N.D. Iowa 2008)); *see also Stanczyk v. Prudential Ins. Co. of Am.*, No. 15-CV-0097-LTS, 2016 WL 6304453, at *5 (N.D. Iowa Oct. 26, 2016) (finding movant did not establish good cause or excusable neglect where movant failed to move to amend the complaint more than seven months after the deadline); *Martinez v. U.S. Bank*, No. C12-0077, 2013 WL 5565502, at *2 (N.D. Iowa Oct. 8, 2013) (citing *McCormack v. United States*, 2011 WL 2669447 (E.D. Mo. 2011) (granting leave to amend complaint four months after the deadline when the delay was "at least partially caused" by the nonmovant); *Schwend v. U.S. Bank*, 2011 WL 5039812 (E.D. Mo. 2011) (granting leave to amend complaint four months after the deadline due to discovery obtained from the defendant)); *Younie v. City of Hartley*, No. C14-4090-CJW, 2016 WL 2864442, at *4 (N.D. Iowa May 13, 2016) (finding that moving to amend one year after the deadline weighed against movant).

Defendants do not resist the motion to amend the complaint. Plaintiffs must nevertheless show good cause under Rule 16(b), as 15(a) no longer applies, which

4

would allow plaintiffs to amend with defendants' consent. *See Sherman*, 532 F.3d at 715-16. Plaintiffs argue that they could not have met the August 12, 2016, deadline to amend pleadings, because at least some of the new information was obtained in July and September of 2016. (Doc. 33 at 5). This new information came in the form of documents received in response to plaintiffs first request for production of documents from defendants and the Small Business Administration. *Id*. The documents received from the SBA were produced in response to a FOIA request. *Id*. The FOIA request response was received in July 2016, and defendants provided responses on July 1 and September 7, 2016, which contained the new information upon which the amendments to the complaint are based. (Doc. 33 at 5-8). Plaintiffs also allege that the volume of the produced documents, over 2,000 pages, required time to organize and after organization were sent to experts who analyzed the documents and crafted the amended complaint. *Id*. at 8.

It is generally recognized that new information obtained through discovery, which continues after the deadline to amend pleadings, can be grounds for a finding of good cause, where the moving party could not have been previously aware of the information. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (listing "newly discovered facts" as a basis for a good cause finding). There is no indication in the record, and defendants do not contend, that plaintiffs were previously aware of the facts they now seek to incorporate into their complaint. Based on the timing of the receipt of the documents, including some after the deadline in September, and the volume of documents required to be analyzed, the Court finds plaintiffs have established good cause and excusable neglect to extend the deadline.

The Court need not address the second prong of the good cause inquiry to determine whether the nonmoving party would suffer undue prejudice as defendants have consented to the amendment of the complaint. *See Vails v. United Cmty. Health Ctr., Inc.*, 283 F.R.D. 512, 514 (N.D. Iowa 2012) (citing *Sherman*, 532 F.3d at 717)) (conducting the good cause analysis where after a finding of good cause the court will

consider prejudice to the nonmoving party). The Court will take their consent as an indication defendants do not allege they will be prejudiced by the amendment of the complaint.

Because plaintiffs have cured the procedural and substantive deficiencies in their prior motion and produced an explanation to support a finding of good cause, the Court has reconsidered its previous order denying leave to amend the complaint and now grants plaintiffs leave to amend the complaint to the proposed complaint (Doc. 33). The Court does not grant any other changes to the scheduling order or the trial date of September 18, 2017.

### IV. CONCLUSION

The Court **grants** plaintiff's motion to amend the complaint. (Doc. 33).

**IT IS SO ORDERED** this 28th day of February, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa