# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THE JOHN ERNST LUCKEN REVOCABLE TRUST, and JOHN LUCKEN and MARY LUCKEN, Trustees,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>HERITAGE BANKSHARES GROUP, INC., et al.,<br><br>　　　　Defendants. | No. 16-CV-4005-MWB<br><br>**ORDER** |

_____

## I.　　INTRODUCTION

This matter is before the Court pursuant to defendants' submission of attorney's fees and expenses pursuant to the April 14, 2017, order (Doc. 84). The Court granted in part and denied in part defendants' motion for sanctions regarding plaintiffs' expert William Tank. (Doc. 67). The Court ordered plaintiffs shall pay defendants' reasonable attorney's fees and costs incurred in the filing of this motion, cover the cost of William Tank's deposition, and that defendants shall submit to the Court an itemized list of costs and attorney's fees incurred with the filing of this motion and costs incurred in taking William Tank's deposition. (Doc. 84).

On May 3, 2017, defendants submitted an itemized list of attorney's fees and expenses totaling $16,706.79. (Doc. 92). On May 9, 2017, plaintiffs resisted defendant's submission of attorney's fees and expenses pursuant to the April 14, 2017, order (Doc. 84), in that the Court did not order plaintiffs to pay attorney's

fees related to preparing or taking of William Tank's deposition. Plaintiffs requested the Court reduce the award to defendants to no more than $9,498.04. (Doc. 95).

For the reasons that follow, the Court agrees that its April 14, 2017, order does not include attorney's fees accrued in preparing and taking William Tank's deposition, but only attorney's fees related to costs incurred pursuant to the filing of the motion for sanctions regarding plaintiffs' expert William Tank. (Doc. 67). Accordingly, the Court grants award of $10,203.04 to be paid by plaintiffs to defendants pursuant to its April 14, 2017, order (Doc. 84).

## II. PROCEDURAL HISTORY

Plaintiffs filed this lawsuit on January 14, 2016. (Doc. 1). On April 27, 2016, the Court adopted the parties' agreed-upon scheduling order that, among other things, set the deadline for discovery as February 15, 2017. (Doc. 14). The Court later granted a motion to extend deadlines for depositions to March 15, 2017, but denied any extension of the deadlines for written discovery other than that previously ordered for response to defendants' second request for production. (Doc. 45). On March 21, 2017, defendants filed a motion for sanctions against plaintiffs due to their failure to produce their expert, William Tank, for a deposition within the deposition deadline of March 15, 2017. Defendants claimed plaintiffs refused to allow them to take the deposition of William Tank, despite defendants' good faith attempts to proceed with a deposition prior to that date. (Doc. 67).

Defendants requested that this Court enter an order sanctioning plaintiff due to their failure to produce their expert, William Tank, for a deposition. Due to plaintiffs' deliberate obstruction, defendants believed that exclusion of plaintiffs' expert William Tank, was the appropriate relief, and the Court should enter an order prohibiting plaintiff from calling William Tank as a witness to testify in this matter at trial. Defendants further requested attorney's fees and costs associated

with this matter, and any further relief this Court deemed just and proper under the circumstances.

On March 29, 2017, plaintiffs were granted an extension of time to file their resistance to the motion for sanctions until April 7, 2017. On April 7, 2017, plaintiffs resisted the motion for sanctions, claiming defendants' motion failed to demonstrate any harm or prejudice in conjunction with their allegation that plaintiffs failed to produce their expert witness, William Tank, for deposition.

On April 14, 2017, the Court order granted in part and denied in part defendants' motion for sanctions regarding plaintiffs' expert William Tank. (Doc. 84). The Court ordered the following: (1) plaintiffs to pay defendants' reasonable attorney's fees and costs incurred in the filing of this motion; (2) plaintiffs shall cover the cost of William Tank's deposition; and (3) that Defendants shall submit to the Court an itemized list of costs and attorney's fees incurred with the filing of this motion and costs incurred in taking William Tank's deposition.

The Court concluded that defendants could have been prejudiced by plaintiffs' refusal to produce their expert William Tank for deposition. The plaintiffs' excuse that at the time of the request for deposition, plaintiff was proceeding pro se, did not absolve the responsibility to comply with a scheduling order. The Court found that under Federal Rule of Civil Procedure 16(f), plaintiffs are subject to mandatory monetary sanctions in the form of "the reasonable expenses—including attorney's fees—incurred because of any noncompliance" with the March 15 deadline.

### *III. DISCUSSION*

This matter involves the enforcement of the Court's order for sanctions of April 14, 2017, in accordance with Federal Rule 16(f) (2). FED R. CIV P. 16(f)(2).[1] As discussed previously, sanctions are appropriate and in proportion to plaintiffs' violation. *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595 (8th Cir. 2001).

In the Court's order of April 14, 2017, the Court reviewed defendants' request for specific sanctions. The sanctions ordered are appropriate based on the totality of the circumstances in accordance with Federal Rule 37 (b)(2) (B) and (C).[2] *See Goings v. Chickasaw County, Iowa*, No. 06-CV-2063-LRR, 2008 WL 686917 (N.D. Iowa March 10, 2008). The intent of the Court's order of April 14, 2017, was to restore the defendants to the place they would have been had plaintiffs provided William Tank for a deposition. Since defendants would have borne the costs of attorney's fees for taking the deposition without a motion to compel, the Court finds it appropriate that they continue to bear the costs of attorney's fees now.

---

[1] Federal Rules of Civil Procedure Rule 16(f)(2)(B)(C) Imposing Fees and Costs. Instead of or in addition to any other sanction, the Court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

[2] Federal Rules of Civil Procedure Rule 37(b)(2)(B)(C)
**(B)** *For Not Producing a Person for Examination*. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the Court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.
(C) *Payment of Expenses*. Instead of or in addition to the orders above, the Court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Here, defendants have submitted an itemized list of (1) attorney's fees totaling $13,766.25 (itemized Doc. 92 exhibit A and B), (2) paralegal fees totaling $2,081.25 (itemized Doc. 92 exhibit C), and (3) usual cost and expenses totaling $859.29 (itemized Doc. 92 exhibit D). The total fees and expenses submitted is $16,706.79. (Doc. 92).

Defendants have included in the itemized bill attorney's fees totaling $5,160.00 and paralegal fees totaling $1,343.75 from the preparation and attendance of Mr. Tank's deposition on April 26, 2017, in Des Moines, Iowa. These attorney's fees include the following listed expenses: telephone call dated 4/14/17 for scheduling William Tank's deposition; preparation for deposition on 4/24/17 and 4/25/17; travel time to Des Moines for deposition on 4/26/17 and attendance of deposition on the same day. These attorney fees are independent of attorney's fees and costs incurred by defendants in filing their motion for sanctions regarding plaintiff's expert witness William Tank. (Doc. 67).

The paralegal fees include: discussion of deposition with attorney on 4/17/17, preparation for deposition on 4/25/17, and travel and attendance for deposition on 4/26/17. Defendants have itemized costs incurred both for filing a motion for sanctions and costs of William Tank's deposition totaling $859.29. (Doc. 92 exhibit D). These costs are in accordance with the order of April 14, 2017.

Plaintiffs resist the total amount submitted by the defendants and request the Court reduce the award to the defendants to no more than $9,498.04. Plaintiffs request: (1) that no fee be allowed after April 11, 2017, the date on which the Court held the hearing on defendants' motion for plaintiffs' sanctions; (2) reduction for excess travel time to and from Cedar Rapids on 4/10 and 4/11/17; and (3) reduction in billable travel time on 4/26/17 to Des Moines in order to reconcile with time charged by the paralegal for the same trip.

Defendants respond to plaintiffs' resistance (Doc. 100) claiming that the Court intended the order of April 14, 2017, to be interpreted broadly to include attorney and paralegal fees incurred deposing William Tank. Defendants argue that to exclude those attorney and paralegal fees would not fully sanction plaintiffs' violation of noncompliance with the Court's scheduling order. Defendants deny that the travel time they billed from Sioux City to Cedar Rapids on April 10 and 11, 2017, was excessive and identify that there was no discrepancy between the attorney and paralegal travel time from Sioux City to Des Moines on 4/26/17.

The Court's order of April 14, 2017, required plaintiffs to pay defendants mandatory monetary sanctions in the form of "the reasonable expenses—including attorney's fees incurred because of any noncompliance" with the March 15 deposition deadline. The Court agrees with plaintiffs' resistance that the award should not include attorney or professional fees for the deposition of William Tank. Attorney's fees for preparing and taking the deposition of William Tank is not within the sanctions of the Court order of April 14, 2017. (Doc. 84).

The Court identifies two itemized attorney fee entries after April 11, 2017, that were incurred with the filing of the motion and review of the Court's order on that motion on April 14, 2017, and April 17, 2017, totaling $285.00. These two charges are appropriately awarded to defendant. Plaintiff requests reduction in award amount of $420.00 for 1.4 billable hours for excess travel time of 0.7 hours each direction to and from Cedar Rapids on April 10 and 11, 2017. *See* Doc. 95 exhibit A google maps. The Court finds the travel time in question on April 10 and 11 of 2017, is appropriate due to typical stops and delays that a four hour and nineteen-minute trip may encounter. Additionally, plaintiff requests reduction of $600 in award amount to reconcile the discrepancy in billed travel of the attorney and his paralegal on April 26, 2017. The travel time for attorney and paralegal from Sioux City to Des Moines are included in the professional fees for

the deposition of William Tank that the Court agrees are not awarded to defendants, therefore this discrepancy is moot.

## IV. CONCLUSION

Pursuant to this Court's order of April 14, 2017, plaintiffs are to pay defendants $10,203.04. This amount includes defendants' reasonable attorney's fees and costs incurred in the filing of the motion for sanctions and the cost of William Tank's deposition.

**IT IS SO ORDERED** this 17th day of May, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa