# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THE JOHN ERNEST LUCKEN REVOCABLE TRUST, and JOHN LUCKEN and MARY LUCKEN, Trustees,<br><br>   Plaintiffs,<br>vs.<br><br>HERITAGE BANCSHARES GROUP, INC., HERITAGE BANK NATIONAL ASSOCIATION, THOMAS GEIGER and GARY GEIGER, directors of Heritage Bank, ROBERT MATHIASEN, Chief Credit Officer of Heritage Bank, and DOES 1-100,<br><br>   Defendants. | No. C16-4005-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANTS' MOTION FOR RE-RECONSIDERATION** |

_____

  This case is before me on the defendants' February 12, 2018, Motion For Reconsideration Re: Opinion And Order Dated January 23, 2018. In their Motion, the defendants ask me to reconsider my ruling on the plaintiffs' September 18, 2017, Motion For Reconsideration; hence, their Motion is a Motion For Re-Reconsideration. The plaintiffs filed their Resistance on February 26, 2018.

  In their Motion For Re-Reconsideration, the defendants seek reconsideration of my conclusion, on reconsideration, that summary judgment for the defendants should be set aside on the plaintiffs' "bank tying claim" pursuant to § 1972(1)(C) in Count II as it relates to the claimed "tie" between Heritage Bank's promise, on January 19, 2012, to provide floor plan financing to Dirks Motor conditioned upon the additional requirement that Lucken execute the "Lucken line of credit" and other contemporaneous documents,

which Lucken believed pledged his CD as "backup collateral" for the promised floor plan loan. I reached that conclusion based on my view that the plaintiffs had clearly relied on *two* "tying arrangements" in their Resistance to the defendants' Motion For Summary Judgment, but there was no indication in the defendants' original brief or their reply brief in support of their Motion For Summary Judgment that they understood the plaintiffs to be relying on *two* alleged "tying arrangements"; the plaintiffs reiterated—unmistakably—in their Motion For Reconsideration that they were relying on two "tying arrangements," but the defendants still did not address the second alleged "tying arrangement" in their Resistance to the Motion For Reconsideration; and, under these circumstances, the defendants had never met their responsibility as the movants for summary judgment, to "'inform[] the district court of the basis for [their] motion,' and . . . identify 'those portions of [the record] . . . which [they] believe[] demonstrate the absence of a genuine issue of material fact,'" but the plaintiffs had met their burden to generate genuine issues of material fact on the second alleged "tying arrangement." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In their Motion For Re-Reconsideration, the defendants contend that, in their Summary Judgment Motion, they *did* address both "tying arrangements" alleged by the plaintiffs, but because both related to paying off Ford Credit, they analyzed them together. The defendants also argue that, in the plaintiffs' Motion For Reconsideration, the plaintiffs' second alleged "tying arrangement" is different from the one on which the plaintiffs previously relied; that no evidence supports that different second alleged "tying arrangement"; and that the second alleged "tying arrangement," even as reformulated, is barred by the applicable statute of limitations. Thus, the defendants seek reinstatement of summary judgment in their favor on the entirety of the plaintiffs' "bank tying claim" pursuant to § 1972(1)(C). In their Resistance, the plaintiffs point out that all of the

2

arguments the defendants now offer could and should have been made, at the latest, in the defendants' Resistance to the plaintiffs' Motion For Reconsideration; that the second alleged "tying arrangement" they asserted in their Motion For Reconsideration is not "new" or "different"; that they have generated genuine issues of material fact on their second alleged "tying arrangement"; and that the claim based on that second alleged "tying arrangement" is timely.

As both parties recognize, and I pointed out in my ruling on the plaintiffs' Motion For Reconsideration, "[a] motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015). Notwithstanding that the plaintiffs plainly set out (and numbered) the two "tying arrangements" on which they were relying in their Motion For Reconsideration, the defendants *never* asserted in their Resistance that the second alleged "tying arrangement" was "new" or "different" or "redefined" from the "tying arrangement" on which the plaintiffs had previously relied; never challenged that second alleged "tying arrangement" on the basis of lack of evidentiary dispute, as required to meet their responsibility at summary judgment, *see Torgerson*, 643 F.3d at 1042-43; and did not argue that the second alleged "tying arrangement" was untimely, except to suggest, in a footnote, that the second alleged "tying arrangement" had been "concocted" to avoid the statute of limitations. The defendants' failure to do so at the proper time is fatal to their request for relief in their Motion For Re-Reconsideration. *Julianello*, 791 F.3d at 923. Indeed, it is difficult to imagine that, if the defendants truly believed that the plaintiffs had redefined their second alleged "tying arrangement" in their Motion For Reconsideration, or that the claim was "different" from the second alleged "tying arrangement" on which the plaintiffs had previously relied, that the defendants would not have complained

3

bitterly about that in their Resistance to the plaintiffs' Motion For Reconsideration, rather than simply ignoring it.

Moreover, as I concluded in my ruling on the plaintiffs' Motion For Reconsideration, the plaintiffs' second alleged "tying arrangement" in their Motion For Reconsideration is not inconsistent with the pleading of the § 1972(1)(C) claim in their Amended Complaint or their arguments against summary judgment on that claim, and they have pointed to sufficient evidence from which a rational trier of fact could find for them on the part of their § 1972(1)(C) claim based on the second alleged "tying arrangement." *Torgerson*, 643 F.3d at 1043. I now add that the plaintiffs have also pointed to sufficient evidence from which a rational trier of fact could conclude that the last overt act of the defendants in imposing the second alleged "tying arrangement" was within the statute of limitations period. *See Kabealo v. Huntington National Bank*, 17 F.3d 822, 828 (6th Cir. 1994) (stating, in a case relied on by both parties, here, that it is "the last overt act of the defendant, not any act of the plaintiff, that triggers the statute of limitations.").

THEREFORE, the defendants' February 12, 2018, Motion For Reconsideration Re: Opinion And Order Dated January 23, 2018 (docket no. 117) is **denied in its entirety.**

**IT IS SO ORDERED**.

**DATED** this 1st day of March, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA