# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THE JOHN ERNEST LUCKEN REVOCABLE TRUST, and JOHN LUCKEN and MARY LUCKEN, Trustees and Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> HERITAGE BANCSHARES GROUP, INC., and HERITAGE BANK NATIONAL ASSOCIATION, and THOMAS GEIGER, GARY GEIGER, JOHN ANIFINSON, directors of Heritage Bank, and ROBERT MATHIASEN, CHIEF CREDIT OFFICER OF HERITAGE BANK, <br><br> Defendants. | No. C 16-4005-MWB <br><br> **ORDER REGARDING CONSENTED MOTION FOR STAY PENDING APPEAL** <br> **and** <br> **STAY OF PROCEEDINGS TO ENFORCE JUDGMENT** |

_____

This case is before me on the defendant's September 6, 2018, Consented Motion For Stay Pending Appeal. In the motion, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, the defendants assert that the parties have agreed to alternative security for a stay pending appeal consisting of a Letter of Credit along with an agreement setting forth the events of default which would trigger calling upon the letter of credit, both of which are attached to the motion as exhibits.

Rule 62(d) provides that, with certain exceptions, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." FED. R. CIV. P. 62(d).[1] As the

---

[1] This version of Rule 62(d) is effective until December 1, 2018.

Second Circuit Court of Appeals has explained, "The purpose of the rule is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" *In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (quoting *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997)). As that court also explained, "A district court therefore may, in its discretion, waive the bond requirement 'if the appellant provides an acceptable alternative means of securing the judgment.'" *Id.* (quoting *FDIC v. Ann–High Assocs.*, No. 97–6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997) (per curiam), and citing *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)).

Further, the Second Circuit Court of Appeals explained,

> The Seventh Circuit . . . has enumerated several criteria, which we now adopt as non-exclusive factors that a district court may consider:
>
>> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.
>
> *Dillon v. Chicago*, 866 F.2d 902, 904–05 (7th Cir.1988) (internal quotation marks and citations omitted). These criteria, in contrast to the traditional stay factors, more directly address the primary purpose of Rule 62(d): to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed. *Cf. Acevedo–Garcia v. Vera–Monroig*, 296 F.3d 13, 17 (1st Cir.2002). (per curiam)

> ("Courts have held that no bond is required if: (1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy.").

*In re Nassau Cty. Strip Search Cases*, 783 F.3d at 417–18.

I conclude that these criteria are appropriate to ensure that the purposes of Rule 62(d) are met. In this case, I find that the alternative security offered by the defendants satisfies these criteria, to the extent these criteria are pertinent, here: The parties have streamlined the collection process and clarified the circumstances in which the Letter of Credit may be called upon in their companion agreement; I have every confidence that the funds will be available to pay the judgment, should it be affirmed on appeal; and I have no suspicions about the defendants' ability to pay the judgment, so that the cost of a bond would be a waste of money. *Id.* Moreover, the plaintiffs agree to the sufficiency of the alternative security.

THEREFORE,

1. The defendant's September 6, 2018, Consented Motion For Stay Pending Appeal (docket no. 197) is **granted**, and

2. Proceedings to enforce the judgment are hereby **stayed** until such time as this matter has been adjudicated by the United States Court of Appeals for the Eighth Circuit.

**DATED** this 7th day of September, 2018.

*/s/ Mark W. Bennett*
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA